**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MARIO KEITH VANPELT**
**ADC # 119581**                                                                  **PLAINTIFF**

**V.**                                  **CASE NO. 5:12CV00293 KGB/BD**

**B. LOVE, et al.**                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Judge Kristine G. Baker.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.  A copy will be furnished

to the opposing party.  Failure to file timely objections may result in a waiver of the right

to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.    Introduction:**

Plaintiff Mario Vanpelt, an Arkansas Department of Correction ("ADC") inmate,

brings the claims in this lawsuit under 42 U.S.C. § 1983.  (Docket entry #2)  He alleges

that on May 4, 2012, Sgt. Love removed the bottoms of his orthopedic shoes during a

"shakedown," and as a result, the shoes were rendered unwearable.

Mr. Vanpelt filed a grievance about the shoes and, he alleges, Warden Cashion

responded by stating that "no harm was done."  (#9 at p.4)  On appeal, Assistant Director

May found Mr. Vanpelt's grievance to be without merit.

Mr. Vanpelt has sued Sgt. Love, Sgt. Edwards, Warden Cashion, and ADC

Assistant Director Larry May in their official capacities but requests only money

damages.  Based on these allegations, Mr. Vanpelt has not stated a claim for relief under

42 U.S.C. § 1983.

**III.   Discussion:**

Federal courts are required to screen prisoner complaints that seek relief from a

government entity, officer, or employee.  Claims that are frivolous, malicious, fail to state

a valid claim for relief, or seek money from a defendant who is immune from paying

damages are to be dismissed at the screening stage.  28 U.S.C. § 1915A(b).

A.      Sovereign Immunity

Mr. Vanpelt has sued the Defendants only in their official capacities.  The

Eleventh Amendment to the United States Constitution bars civil litigants from

2

recovering money damages from state actors sued in their official capacities.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).  For that reason, his claims for money damages must be dismissed.

B.      Negligence

Mr. Vanpelt claims that Defendant Love removed the bottoms of his orthopedic shoes after Mr. Vanpelt had explained that the bottoms could not be removed.  According to the Complaint, Mr. Vanpelt could no longer wear his orthopedic shoes after Defendant Love's actions.

Reading the Complaint broadly, Defendant Love's conduct was, at worst, negligent.  And negligence cannot support a claim for relief under 42 U.S.C. § 1983.  See *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc) (noting that mere negligence is insufficient to establish liability under § 1983).  In fact, even a defendant's gross negligence is insufficient to state a constitutional claim for relief.

C.      Deliberate Indifference

Prison officials violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).  Failing to provide medical care to a prisoner can amount to a constitutional violation, but only when the plaintiff shows that he suffered an objectively serious medical need and that the defendant prison official actually knew of, but deliberately disregarded, that need.  *Hines v.*

3

*Anderson*, 547 F.3d 915, 920 (8th Cir. 2008) (quoting *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997)).  "Deliberate indifference is equivalent to the criminal law standard of recklessness– a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hartsfield v. Colburn*, 491 F.3d 394, 397 (8th Cir. 2007) (citation and internal quotation marks omitted).

Mr. Vanpelt claims that he notified Defendants Edwards, Cashion, and May about the shoe incident, but was never provided new orthopedic shoes.  However, according to the grievances Mr. Vanpelt attached to his Complaint, "the insert was returned to [him] in the same condition."  (#2 at p.7)  Further, Mr. Vanpelt was specifically instructed to submit a sick-call request to the infirmary if he was "having problems with the orthopedic shoes not fitting properly."  (#2 at p.7)

Based upon the information the Plaintiff himself has provided, the Court cannot conclude that Mr. Vanpelt suffered a serious medical need.  But even if his need was serious, the allegations in the Complaint fail to show that any of the named Defendants acted with deliberate indifference to that need.  According to the documents filed with the Complaint, Defendants Edwards, Cashion, and May investigated Mr. Vanpelt's complaint and found it to be without merit.

Although Mr. Vanpelt claims that he continues to suffer pain and still cannot wear his orthopedic shoes, the documents in the file show that he was specifically instructed to

contact the infirmary to resolve any remaining issues with his orthopedic shoes.  Based on these allegations, there is nothing to support the idea that the Defendants were deliberately indifferent to Mr. Vanpelt's medical needs.

**IV.    Conclusion:**

The Court recommends that Mr. Vanpelt's claims be DISMISSED, without prejudice.  The Court also recommends that the Court certify that an *in forma papueris* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 2nd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE